NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4374
_____

COLEMAN R. MCCALL,
                                    Appellant

v.

CITY OF PHILADELPHIA; CITY OF PHILADELPHIA
DIVISION OF AVIATION;
CITY OF PHILADELPHIA DEPARTMENT OF COMMERCE
DIVISION OF AVIATION;
PHILADELPHIA AIRPORT SYSTEM; PHILADELPHIA
INTERNATIONAL AIRPORT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-11-cv-05689
District Judge: The Honorable Ronald L. Buckwalter

Argued October 6, 2015

Before: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed: November 18, 2015)

Lorrie McKinley            **[ARGUED]**
McKinley & Ryan
238 West Miner Street
West Chester, PA  19382
        *Counsel for Appellant*

Elise M. Bruhl          **[ARGUED]**
Craig R. Gottlieb
Diane A. Loebell
Shant H. Zakarian
City of Philadelphia
Law Department
1515 Arch Street
One Parkway
Philadelphia, PA  19102
     *Counsel for Appellees*

———————————

OPINION[*]

———————————

SMITH, *Circuit Judge.*

Coleman R. McCall was a Custodial Worker I at the Philadelphia International Airport, which is administered by the City of Philadelphia.  McCall began his employment in April of 2001.  Ten years later, McCall's employment was terminated.  Thereafter, he filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that the City had violated his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615, the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12112, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Con. Stat. § 955.

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The parties filed cross-motions for summary judgment after discovery closed. The District Court denied summary judgment on the FMLA retaliation claim, but granted summary judgment in favor of the City on the ADA and PHRA claims. After the FMLA claim settled, McCall filed this appeal. He challenges only the grant of summary judgment on the ADA claims alleging: (1) a failure to accommodate McCall's knee disability; (2) a failure to accommodate McCall's depressive disorder; and (3) a hostile work environment.[1]

"An employer commits unlawful disability discrimination under the ADA if [it] 'does not mak[e] reasonable accommodations to the known physical or mental limitations'" of an employee. *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 325 (3d Cir. 2003) (citation omitted). "'[W]hile the notice [of a desire for an accommodation] does not have to be in writing, be made by the employee, or formally invoke the magic words 'reasonable accommodation,' the notice nonetheless must make clear that the employee wants assistance for his or her disability.'" *Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999)).

In this case, McCall contends the City failed to accommodate his knee

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367. We exercise jurisdiction under 28 U.S.C. § 1291. We conduct plenary review of a District Court's grant of summary judgment. *Jones v. United Parcel Serv.*, 214 F.3d 402, 405 (3d Cir. 2000).

3

disability when it did not allow him to use the fifteen days of unpaid leave available to employees at the City's discretion under a civil service regulation. There is no evidence that McCall ever requested such an accommodation. Indeed, in his deposition he affirmed that did not need to make such a request because the fifteen days of unpaid leave were given to every employee. McCall's reliance on the availability of unpaid leave, however, was misplaced. McCall's placement on the No Unpaid Leave List in both 2006 and 2009, as well as the City's issuance of notice in August of 2009 that it would not be as generous in approving unpaid leave, unmistakably informed McCall that unpaid leave was not automatically available to every employee every year.

Nor is there evidence from which constructive notice of a desire for an accommodation could be inferred. It is true that McCall had several unauthorized absences. Those absences, however, cannot provide the requisite notice as there was no documentation which would inform the City that McCall's unauthorized absences were attributable to his knee disorder. We recognize that Dr. Leavitt's letter explained that McCall's unauthorized absence on May 1, 2010 was due to severe knee pain and depression. But that letter, dated March 21, 2013, cannot constitute constructive notice triggering the duty to accommodate McCall's knee disability because the letter was written almost three years after the unauthorized absence on May 1, 2010.

4

As to McCall's depressive disorder, the evidence fails to establish that the City even knew of McCall's depression until he asked for FMLA leave at the end of July 2010. Once the City was informed of McCall's depressive disorder, however, it granted both the requested leave and an extension of that leave. Thereafter, McCall submitted a prescription from his physician stating that his "job related problem continues unimproved. He is unable to work through April 4, 2011." The City did not deny additional leave. Rather, the City informed McCall that it could not process the request "because the condition for which you are being treated . . . is not listed on your doctor's note and you did not complete and submit a leave request." McCall promised several times to provide the necessary medical documentation. But by April 5, 2011, McCall had failed to submit any documentation. We conclude that the District Court appropriately granted summary judgment on this claim because the City lacked not only a request for leave, but also the information necessary to determine what kind of accommodation was desired.

Nor are we persuaded that the District Court erred in granting summary judgment on McCall's hostile environment claim. A successful ADA hostile environment claim requires that the "harassment was based on [the] disability or a request for an accommodation." *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999). The evidence fails to show that any harassment that

occurred was related to either McCall's knee disorder or his depression.

We recognize that a request for FMLA leave may qualify in certain circumstances as a request for an accommodation under the ADA. *See* 29 C.F.R. § 825.702(c)(2). Nonetheless, any harassment McCall may have endured because of a request for FMLA leave occurred when his twins were born prematurely. This was family leave under the FMLA. *See* 29 U.S.C. § 2612(a)((1)(A)-(C). Because family leave is not based on an employee's own serious health condition, a request for family leave under the FMLA cannot qualify as a request for accommodation of a disability in an ADA hostile environment claim.

To be sure, there was some hostility at work. Kayla Jones, the management employee in charge of applying the City's progressive discipline policy, was unprofessional in her interaction with employees, including McCall. The Inspector General's Office recommended that Jones "be disciplined for multiple incidents of conduct unbecoming in order to minimize further occurrences." Yet Jones's inability to behave professionally with multiple individuals does not establish that any harassment by Jones was because of McCall's disabilities or a request for an accommodation.

Accordingly, we will affirm the District Court's judgment.

6